IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GJA, individually, and as Parent and Next )
Friend of JOHN DOE and JANE DOE, )
minor children; and KA, an individual, )
              )
     Plaintiffs, )
              )  Case No. 13-CV-169-JED-TLW
v. )
              )
BECKY KINGFISHER, in her individual )
capacity; MATTHEW BUDDER, in his )
individual capacity; KAREN FEATHER, )
in her individual capacity; and JOHN )
ROE 1-30, unknown individuals in their )
individual capacities; )
              )
     Defendants. )

## OPINION AND ORDER

**I. Background**

Plaintiff, GJA, is the parent of minor plaintiffs John Doe and Jane Doe. KA is GJA's spouse and thus the minor plaintiffs' step-parent. The defendants, Becky Kingfisher, Matthew Budder, and Karen Feather, are employees of the Oklahoma Department of Human Services (DHS). Plaintiffs allege that John Doe and Jane Doe, while in the custodial care of their natural mother, MAS, were subjected to forms of maltreatment which were known to, but disregarded by, the defendants. Specifically, it is alleged that Jane Doe reported that she was subjected to sexually inappropriate touching by other children who lived in MAS's home, that the defendants received complaints about the sexual misconduct, but the defendants did not report the allegations to law enforcement and failed to take other steps to protect Jane Doe.

In addition, John Doe was diagnosed as suffering from psycho-social dwarfism (PSD) while residing in MAS's home and medical providers recommended that he commence growth

hormone therapy to treat his PSD, but MAS refused to give him the daily injections, and medical professionals recommended that he be removed from MAS's home. Three different medical professionals recommended that John Doe be removed from MAS's home. The untreated PSD resulted in retardation of his growth, which will require ongoing medical and psychological treatment. The defendants received several referrals about the allegedly abusive and neglectful environment in MAS's home, and were required by Oklahoma law to protect the children. The defendants failed to commence an investigation into the allegations and did not take any steps to remove or protect the minor plaintiffs from abuse and neglect.

Plaintiffs assert three claims. The first is a claim under 42 U.S.C. § 1983 for a violation of the minor plaintiffs' constitutional rights under the Fourteenth Amendment to the United States Constitution. In the second claim, the minor plaintiffs and their parent, GJA, seek to recover damages for intentional infliction of emotional distress based upon the defendants' conduct. In the third claim, all of the plaintiffs, including the step-parent, KA, seek to recover for loss of consortium "as a result of the injuries to GJA and the [child plaintiffs]."

Each of the defendants is sued in his or her individual capacity. They seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and they assert that dismissal is appropriate because they are entitled to qualified immunity.

## II. Dismissal Standards

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Rules require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds ... does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C*., 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. Discussion

#### A. Section 1983 Claim

In support of their motion to dismiss the minor plaintiffs' section 1983 claims, the defendants argue that the allegations against the defendants "are so broad and general that they encompass a wide swath of innocent conduct" and do not state any claim for a due process violation under the Fourteenth Amendment. (Doc. 14 at 7). The Complaint asserts that the defendants received reports of sexual misconduct, abuse, and neglect suffered by the minor plaintiffs in MAS's home, but that the defendants failed to take appropriate action to protect the

children from further abuse and neglect. (Doc. 2 at ¶¶ 18-33). Plaintiffs have asserted that such conduct violated the minor plaintiffs' constitutional rights under the Fourteenth Amendment. (Doc. 2 at ¶¶ 38-42).

The plaintiffs' allegations, taken as true, do not state a plausible claim against the defendants under § 1983. While *Twombly* does not impose a heightened pleading requirement, it requires that plaintiffs provide enough facts to state a claim plausible, and not speculative, on its face. Particularly in light of the context of this case – a claim of qualified immunity by state employees who are sued in their individual capacities for injuries allegedly inflicted upon minor children by third parties – the plaintiffs "must allege facts sufficient to show ... that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248-49 (10th Cir. 2008); *see also Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1866-68 (2014) (per curiam) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (government actors are "shielded from liability ... if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'").

Plaintiffs have not cited any authorities that identify a clearly established federal right that was violated under allegations similar to those asserted by plaintiffs. In their briefing, the plaintiffs have attempted to fit their allegations of DHS's failure to protect into a danger creation theory, but they have not identified specific actions by each of the defendants which supposedly created the danger. Plaintiffs assert that the defendants each "knew or was otherwise informed" about Jane Doe's allegations of inappropriate sexual conduct and "knew or should have known" that she was in a dangerous position. These allegations are insufficient to state a claim under a danger creation theory; plaintiffs must allege that each defendant took some affirmative action

that gave rise to a duty to protect the minor plaintiffs from the actions of third parties. *Robbins*, 519 F.3d at 1251 ("defendants cannot be held liable for their failure to protect [the minor child] from harm, absent some prior affirmative act that incurred a duty to protect."). The Court finds the allegations of the Complaint insufficient to state a plausible claim for violation of the minor plaintiffs' due process rights under the standards clearly enunciated in *Robbins*, 519 F.3d at 1248-53.

The Court notes that, in their briefing, both sides have referenced an extensive history of child custody proceedings involving the minor plaintiffs, and plaintiffs have attempted to inject numerous factual allegations which are not found in their Complaint. Because the Court's review at the dismissal stage is confined to the allegations of the Complaint, the Court is unwilling to analyze all of the additional circumstances, which are not found in the Complaint but are described by the parties in their briefing. The Court notes that most of those additional allegations, as well as several allegations in the Complaint, are directed toward alleged misconduct by the minor plaintiffs' guardian ad litem and lawyer. (*See, e.g.,* Doc. 17 at 24, alleging that the defendants "fail[ed] to protect the Child Plaintiffs from lawyers...."; Doc. 2 at ¶¶ 15, 24-28, alleging failures of the guardian ad litem to protect the children). The plaintiffs have cited no authority that supports the maintenance of § 1983 claims against government employees for the actions of lawyers or guardians ad litem in state court custody battles.

The defendants' motion to dismiss the § 1983 claim is granted. Plaintiffs have requested leave to amend, and they will be granted such leave.

B.   **State Law Claims**

Based upon the same underlying facts, the minor plaintiffs and GJA attempt to plead tort claims for "negligence, negligence per se, gross negligence, and intentional infliction of

emotional distress." (Doc. 2 at ¶ 43). They assert that the defendants' conduct was so egregious as to deprive them of the ordinary protections of the Oklahoma Governmental Tort Claims Act (OGTCA). (*Id.*).

Under the OGTCA, individual defendants are not liable for torts committed within the scope of their employment. The OGTCA precludes tort actions against "an employee of the state or political subdivision acting within the scope of his employment." *Okla. Stat.* tit. 51, § 163(C); *see also id.*, §§ 152.1(A), (B), 153(A) (political subdivisions and their employees acting in scope of employment are immune from tort liability, except that the state waives the immunity as to the political subdivisions [not the employees]). "'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority...." *Okla. Stat.* tit. 51, § 152(12). Thus, individual government employees are immunized from tort liability for actions taken while acting within the scope of employment. *See id.* § 163(C); *Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008); *Martin v. Johnson*, 975 P.2d 889, 895 (Okla. 1998); *Nelson v. Pollay*, 916 P.2d 1369, 1373 (Okla. 1996).

The Complaint does not identify any actions taken by the defendants outside of the scope of their employment, and the allegations do not appear to identify any *facts* that constitute bad faith conduct by any particular defendant. The Complaint thus does not plead around the application of the OGTCA to the plaintiffs' tort claims, and those claims will be dismissed.

Even had plaintiffs alleged sufficient facts supporting an allegation of each defendant's bad faith conduct outside the scope of employment, the Complaint's allegations of a failure to protect the minor plaintiffs from the conduct of others is not sufficiently egregious to state a claim for intentional infliction of emotional distress under Oklahoma law. Such a claim is

governed by the narrow standards set forth in the Restatement Second of Torts, § 46. *Gaylord Entertainment Co. v. Thompson,* 958 P.2d 128, 149 (Okla.1998). In *Breeden v. League Servs. Corp.,* 575 P.2d 1374 (Okla.1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id.* at 1376 (quoting Restatement (Second) § 46, cmt. d).

To state such a claim, the plaintiffs must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiffs emotional distress; and (4) the resulting emotional distress was severe." *See Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla.2008) (quoting *Computer Publications, Inc. v. Welton,* 49 P.3d 732, 735 (Okla.2002)). The trial court must assume a "gatekeeper role" and make an initial determination that the alleged conduct "may be reasonably regarded as sufficiently extreme and outrageous" to maintain a claim for intentional infliction of emotional distress. *Trentadue v. United States,* 397 F.3d 840, 856 n.7 (10th Cir. 2005); *see also Gaylord*, 958 P.2d at 149.

As noted with respect to plaintiffs' allegations under § 1983, the allegations against the defendants amount to a failure to protect children who were in the custody of one parent and were allegedly subjected to abuse and neglect in that parent's care. The general allegations of the Complaint that the defendants failed to protect the children from third parties does not appear sufficiently egregious on the allegations asserted. Otherwise, every child injured by a parent after a report had been made to a DHS worker would subject that DHS worker to a claim for intentional infliction of emotional distress. Oklahoma law does not support such a result.

7

Plaintiffs agree that their loss of consortium claims are derivative of plaintiffs' other claims. (*See* Doc. 17 at 26-27). Because the Court has determined that plaintiffs have not stated plausible claims under § 1983 or Oklahoma law, the consortium claims will also be dismissed.

Plaintiffs request leave to amend to attempt to state claims under Oklahoma law, and such leave will be granted.

**IV.    Conclusion**

For the foregoing reasons, the defendants' Motion to Dismiss (Doc. 14) is **granted**. The plaintiffs are hereby granted leave to amend. Any amendment shall be filed by **October 20, 2014**.

SO ORDERED this 30th day of September, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE